IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DR. TINSLEY ARIANA TAYLOR MAKAYLA SARAMOSING, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>KEVIN CORBETT, as Cabinet Secretary )<br>of the Oklahoma State Dept. of Health, )<br>KEITH REED, in his capacity as Interim )<br>Comm. of the Okla. Dept. of Health, )<br>KELLY BAKER "BAKER", Deputy of )<br>Vital Records, Okla. State Health Dept., and )<br>TIM TIPTON, in his capacity as Comm. of )<br>Public Safety of the Okla. Dept. Of Public )<br>Safety, )<br>Defendants. ) | CASE NO. CIV-21-1152 |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS'
OBJECTION TO INJUNCTIVE RELIEF AND MOTION TO DISMISS**

COMES NOW, the State of Oklahoma Defendants, Kevin Corbett, Keith Reed, Kelly Baker, and Tim Tipton to file this Reply to Plaintiff's Response to Defendant's Objection To Injunctive Relief and Motion to Dismiss [Doc. 20] to Defendants' Objection To Injunctive Relief and Motion to Dismiss Amended Complaint [Doc. 19]. Defendants Reply as follows:

***PLAINTIFF WILL NOT LIKELY SUCCEED ON HER CLAIMS***

Plaintiff has already transitioned, therefore she has no "personal stake" in this lawsuit. *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2203 (2021). "[A] plaintiff must demonstrate standing separately for each form of relief [and claim] sought" *Id.* (citing *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 185, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000)). She must "factually establish a sufficient risk of future harm to support Article III standing." *Id*. at 2212. It is not Defendants' or the Court's burden to establish

1

standing, rather Plaintiff "bear(s) the burden of demonstrating that [she has] standing." *Id*. at 2208 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). More importantly, Plaintiff has not demonstrated a "causal connection" between her alleged injury and the Defendants' alleged actions which would violate her claimed federal rights. To demonstrate "causation" Plaintiff must show that her claimed injuries are "fairly traceable" to **these** Defendants. *Lujan,* 504 U.S. at 560, 112 S.Ct. 2130.

> Although the "traceability" of a plaintiff's harm to the defendant's actions need not rise to the level of proximate causation, Article III does "require proof of a substantial likelihood that the defendant's conduct caused plaintiff's injury in fact." If "speculative inferences are necessary to connect [a plaintiff's] injury to the challenged action," this burden has not been met. Moreover, where "the independent action of some third party not before the court"—rather than that of the defendant—was the direct cause of the plaintiff's harm, causation may be lacking. *Habecker v. Town of Estes Park, Colo.*, 518 F.3d 1217, 1225 (10th Cir. 2008)(internal citations omitted).

Defendants have done nothing but follow the law in maintaining the State's vital records that document historical events, such as births and deaths. Birth and death certificates are created by other people (*i.e.*, doctors, nurses, morticians and then **maintained** by the office of vital records), and drivers licenses are issued pursuant to state law for identification purposes by the Oklahoma Department of Public Safety (DPS) in a non-discriminatory way for non-discriminatory reasons. See The Real ID Act, Pub.L. 109–13 Div. B, Title II, §§ 201–207 (May 11, 2005)[1]; see also, 72 FR 10820-01(State compliance with REAL ID requires "gender" on drivers' licenses); 6 C.F.R. § 37.17 (State Drivers Licenses must include: "Gender, as determined by the State"); OAC 595:10-1-18(c)(4)-(6) (State requirements). Nothing on Plaintiff's Driver's License indicates that she has transitioned, it only states her gender is "female" [see Doc. 1-28], and neither the

---

[1] https://www.govregs.com/uscode/title49_subtitleVI_partA_chapter303_section30301_notes

Vital Records officials nor Department of Public Safety have forced her (or anyone else) to undergo surgery to transition from a male to a female (or vice versa)— that was her decision, and she has not demonstrated a plausible *nexus* "fairly traceable" to these Defendants. *Ashcroft vs. Iqbal,* 556 U.S. 662, fn 2 (2009) (a court can rely on its own "**judicial experience and common sense**" under *Twombly's* plausibility requirement in evaluating a Plaintiff's Complaint) (referencing to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Plaintiff has no federal right to force the state to stop documenting "gender" at birth or death on its vital records. See 10th Amendment ("The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people"). Furthermore, federal law requires states to document "gender" under the REAL ID Act. Finally, Plaintiff claimed embarrassment for her amended birth certificate containing information as to "why" it was amended is likewise fallacious. Oklahoma's vital statistics records are confidential, only those authorized by law can obtain her records. See 63 O.S. § 1-323. The State has not violated Plaintiff's federal rights (they have followed federal law) and Plaintiff has no standing to bring her claims. Therefore, she will not likely succeed on her claims because the state's interest in maintaining vital birth and death records, and documenting "gender" on driver licenses are not prohibited by federal law, and this court must deny her an injunction, or any other equitable relief, and dismiss this lawsuit.

Respectfully submitted,

s/ Kevin L. McClure
**KEVIN L. MCCLURE, OBA # 12767**
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Section
313 N.E. 21st Street
Oklahoma City, Oklahoma 73105-3498
(405) 521-3921  Fax: (405) 521-4518
Kevin.McClure@oag.ok.gov
*Attorney for Defendants*

## CERTIFICATE OF MAILING

I hereby certify that on this 18th day of January 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and Notice of Electronic Filing to the following who is a registered participant:

Dr. Tinsley Saramosing
21985 Homesteaders RD
Deer Creek, OK 73012

s/Kevin L. McClure
**Kevin L. McClure**