# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

FILED
JAN 19 2022
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

Dr. Tinsley Ariana Taylor Makayla Saramosing, )
)
Plaintiff, )
)
Vs. )
)
Kevin Corbett, )
)
As Cabinet Secretary of the Oklahoma State )
Department of Health, )
) Case #: 5:21-CV-0152
Defendant, )
)
& )
)
Keith Reed, )
)
In His Capacity as Interim Commissioner of Health )
of the Oklahoma State Department of Health, )
)
Defendant, )
)
)
Kelly Baker "Baker", )
)
Deputy Registrar of Vital Records, )
Oklahoma State Health Department, )
)
Defendant, )
)
& )
)
Tim Tipton, )
)

Page | 1

**In His Capacity of Commissioner of Public Safety of** )
**the Oklahoma Department of Public Safety,** )
)
**Defendant** )
)
_____ )

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT:

Plaintiff files this Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. Defendants 1-3's policies of:

a) prohibiting people who are transgender from obtaining birth certificates with a corrected sex/gender marker without notations of the amendments plastered all over their birth certificates for everyone to see against their will

and

b) Defendant 1-4's forced genocidal policies that require permanently and irreversibly sterilizing hormones and surgery for people who are transgender prior to correcting the sex/gender markers on their birth certificates and drivers' licenses

and

c) Title 63 O.S. § 1-321 unconstitutional "as-applied" discrimination against the transgender/non-binary/gender-fluid/gender non-conforming community

clearly violate Plaintiffs' rights under the following constitutional provisions, case laws, and federal and state statutes:

### United States Supreme Court Cases:

*Adarand Constructors, Inc. v. Pena, 515 U.S. 200 (1995)*

*Bolling v. Sharpe*, 347 U.S. 497 (1954)

*Bostock v. Clayton Cty.*, 140 S. Ct. 1731 (2020)

*Brown v. Bd. of Educ.*, 347 U.S. 483 (1954)

*Craig v. Boren*, 429 U.S. 190

*Evancho v. Pine-Richland Sch. Dist.* Civil No. 2:16-01537

*Frontiero v. Richardson,* 411 U.S. 677 (1973)

*Highmark Inc. v. Allocate Health Mgmt. Syst., Inc.*, 572 U.S. 559 (2014)

*Lawrence v. Texas*, 539 U.S. 558 (2003)

*Levy v. Louisiana*, 391 U.S. 68 (1968)

*Michael H. v. Gerald D.*, 491 U.S. 110 (1989)

*Miller v. Johnson*, 515 U.S. 900 (1995)

*Obergefell v. Hodges*, 576 U.S. 644 (2015)

*Planned Parenthood v. Casey*, 505 U.S. 833 (1992)

*San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1 (1973)

*United States v. Virginia*, 518 U.S. 515 (1996)

*Weinberger v. Weisenfeld*, 420 U.S. 636 (1975)

*Skinner v. Oklahoma*, 316 U.S. 535 (1942)

**United States Court of Appeals Cases:**

*Doe v. Boyertown Area School District*, 897 F.3d 518 (3d Cir. 2018)

*Donatelli v. Mitchell*, 2 F.3d 508 (3d Cir. 1983)

*Grimm v. Gloucester Cty. Sch. Bd*, -- F.3d -- 2020 WL 5034430

*Ray v. Himes*, 2:18-cv-00272-MHW-CMV (2020)

*Zzyym v. Blinkin (formerly Zzyym v. Pompeo, Zzyym v. Tillerson & Zzyym v. Kerry,* 1:15-cv-02362-RBJ, (2018).



**United States District Court Cases:**

A.H. ex rel. Handling v. Minersville Area School District, 408 F.Supp.3d 536 (M.D. Pa. 2019) (holding that excluding a transgender girl from girls' school restrooms states a sex discrimination claim under Title IX and the Equal Protection Clause of the Constitution).

[THE ISSUANCE OF A BIRTH CERTIFICATE CONSTITUTES A HEALTH SERVICE (Oklahoma State Department of HEALTH). HENCE, DEFENDANTS 1-3 ARE IN VIOLATION OF PLAINTIFF'S RIGHTS].

Brown v. Dept. of Health and Hum. Servs., No. 8:16DCV569, 2017 WL 2414567 (D. Neb. June 2, 2017) (holding that discrimination against transgender people constitutes sex discrimination that is subject to heightened scrutiny under the Equal Protection Clause of the Constitution).

> **[DEFENDANTS 1-4 FORCED PLAINTIFF AND THOSE LIKE HER TO UNDERGO IRREVERSIBLE, PERMANENTLY STERILIZING HORMONES AND SURGERY PRIOR TO CHANGING HER NAMES/GENDER ON HER LEGAL DOCUMENTS; DEFEDANTS 1-3 CONTINUE TO BULLYPLAINTIFF AND THOSE LIKE SHE BU OUTTING THEM AS TRANSGENDER AGAINST THEIR WILL, HAVING "SEPARATE BUT EQUAL" BIRTH CERTIFITATES, ETC.']**

Cruz v. Zucker, 195 F.Supp.3d 554 (S.D.N.Y. Jul. 5, 2016) (holding that discrimination on the basis of gender identity is sex discrimination under Section 1557 of the Affordable Care Act).

**[DEFENDANTS 1-4 FORCED PLAINTIFF AND THOSE LIKE HER TO UNDERGO IRREVERSIBLE, PERMANENTLY STERILIZING HORMONES AND SURGERY PRIOR TO CHANGING HER NAMES/GENDER ON HER LEGAL DOCUMENTS; DEFEDANTS 1-3 CONTINUE TO BULLYPLAINTIFF AND THOSE LIKE SHE BU OUTTING THEM AS TRANSGENDER AGAINST THEIR WILL, HAVING "SEPARATE BUT EQUAL" BIRTH CERTITIFATES, ETC.']**

**[THE ISSUANCE OF A BIRTH CERTIFICATE CONSTITUTES A HEALTH SERVICE (Oklahoma State Department of HEALTH). HENCE, DEFENDANTS 1-3 ARE IN VIOLATION OF PLAINTIFF'S RIGHTS).**

<u>Doe v. Massachusetts Department of Correction, et al.</u>, No. CV 17-12255-RGS, 2018 WL 2994403 (D. Mass. June 14, 2018) (holding that "where a State creates a classification based on transgender status, the classification is tantamount to discrimination based on sex" under the Equal Protection Clause).

**[DEFENDANTS 1-4 FORCED PLAINTIFF AND THOSE LIKE HER TO UNDERGO IRREVERSIBLE, PERMANENTLY STERILIZING HORMONES AND SURGERY PRIOR TO CHANGING HER NAMES/GENDER ON HER LEGAL DOCUMENTS; DEFEDANTS 1-3 CONTINUE TO BULLYPLAINTIFF AND THOSE LIKE SHE BU OUTTING THEM AS TRANSGENDER AGAINT THEIR WILL, HAVING "SEPARATE BUT EQUAL" BIRTH CERTITIFATES, ETC.']**

<u>Finkle v. Howard Cty.</u>, 12 F. Supp. 3d 780 (D. Md. 2014) (holding a claim of discrimination based gender identity constitutes sex discrimination under Title VII).

**[DEFENDANTS 1-4 FORCED PLAINTIFF AND THOSE LIKE HER TO UNDERGO IRREVERSIBLE, PERMANENTLY STERILIZING HORMONES AND SURGERY PRIOR TO CHANGING HER NAMES/GENDER ON HER LEGAL DOCUMENTS; DEFEDANTS 1-3 CONTINUE TO BULLYPLAINTIFF AND THOSE LIKE SHE BU OUTTING THEM AS TRANSGENDER AGAINST THEIR WILL, HAVING "SEPARATE BUT EQUAL" BIRTH CERTITIFATES, ETC.]**

<u>F.V. v. Barron</u>, 286 F. Supp. 3d 1131 (D. Idaho March 5, 2018) (finding the practice of denying transgender individuals' applications to change the sexes listed on their birth certificates violated Equal Protection Clause).

**[DEFENDANTS 1-4 FORCED PLAINTIFF AND THOSE LIKE HER TO UNDERGO IRREVERSIBLE, PERMANENTLY STERILIZING HORMONES AND SURGERY PRIOR TO CHANGING HER NAMES/GENDER ON HER LEGAL DOCUMENTS; DEFEDANTS 1-3 CONTINUE TO BULLYPLAINTIFF AND THOSE LIKE SHE BU OUTTING THEM AS TRANSGENDER AGAINT THEIR WILL, HAVING "SEPARATE BUT EQUAL" BIRTH CERTITIFATES, ETC.]**

*Lorelied v. Lance Frye, M.D. et. al* (2020)

*Relf v. Weinberger*, 372 F. Supp. 1196 (D.D.C. 1974)

Stone v. Trump, 280 F. Supp. 3d 747 (D. Md. Nov. 21, 2017) (discrimination against transgender people is gender-based discrimination under the Equal Protection Clause of the Constitution).

> **[DEFENDANTS 1-4 FORCED PLAINTIFF AND THOSE LIKE HER TO UNDERGO IRREVERSIBLE, PERMANENTLY STERILIZING HORMONES AND SURGERY PRIOR TO CHANGING HER NAMES/GENDER ON HER LEGAL DOCUMENTS; DEFEDANTS 1-3 CONTINUE TO BULLYPLAINTIFF AND THOSE LIKE SHE BU OUTTING THEM AS TRANSGENDER AGAINST THEIR WILL, HAVING "SEPARATE BUT EQUAL" BIRTH CERTITIFATES, ETC.']**

U.S. v. S.E. Okla. State Univ., No. CIV–15–324–C, 2015 WL 4606079 (W.D. Okla. July 10, 2015) (holding that **harassment**, health insurance exclusion, and termination based on gender transition constituted sex stereotyping discrimination under Title VII).

> **THE ACTS BELOW CONSTITUTE HARASSMENT, EVEN THOUGH THIS IS NOT AM EMPLOYMENT DISCRIMINATION CASE, BECAUSE UNLAWFULLY OUTING PLAINTIFF AND THOSE LIKE HER AGAINST THEIR WILL LEADS TO DISCRIMINATION IN THE WORKPLACE, SCHOOLS, ETC.:**
>
> **[DEFENDANTS 1-4 FORCED PLAINTIFF AND THOSE LIKE HER TO UNDERGO IRREVERSIBLE, PERMANENTLY STERILIZING HORMONES AND SURGERY PRIOR TO CHANGING HER NAMES/GENDER ON HER LEGAL DOCUMENTS; DEFEDANTS 1-3 CONTINUE TO BULLYPLAINTIFF AND THOSE LIKE SHE BU OUTTING THEM AS TRANSGENDER AGAINST THEIR WILL, HAVING "SEPARATE BUT EQUAL" BIRTH CERTITIFATES, ETC.]**

Tronetti v. Healthnet Lakeshore Hosp., No. 03–CV–0375E, 2003 WL 22757935 (W.D.N.Y. Sept. 26, 2003) (holding claim of discrimination based on gender transition constitutes sex discrimination under Title VII).

> **THE ACTS BELOW CONSTITUTE HARASSMENT, EVEN THOUGH THIS IS NOT AM EMPLOYMENT DISCRIMINATION CASE, BECAUSE UNLAWFULLY OUTING PLAINTIFF AND THOSE LIKE HER AGAINST THEIR WILL LEADS TO DISCRIMINATION IN THE WORKPLACE, SCHOOLS, ETC.:**
>
> **[DEFENDANTS 1-4 FORCED PLAINTIFF AND THOSE LIKE HER TO UNDERGO IRREVERSIBLE, PERMANENTLY STERILIZING HORMONES AND SURGERY PRIOR TO CHANGING HER NAMES/GENDER ON HER LEGAL DOCUMENTS; DEFEDANTS 1-3 CONTINUE TO BULLYPLAINTIFF AND THOSE LIKE SHE BU OUTTING THEM AS TRANSGENDER AGAINST THEIR WILL, HAVING "SEPARATE BUT EQUAL" BIRTH CERTITIFATES, ETC.]**

## United States District Court for the Western District of Oklahoma – now *Chief Judge David L. Russell's Ruling*:

*Norma Kristie, Inc. v. City of Oklahoma City*, 572 F. Supp. 88 (W.D. Okla. 1983)

## Appellate Court of Illinois Case:

*Hobby Lobby Stores, Inc., v. Meggan Sommerville and the Human Rights Commission,* 2021 IL App (2d) 190362, No. 2-19-0362, Charge Nos. 2011-CN-2993 and ) 2011-CN-2994

Schwenk v. Hartford, 204 F.3d 1187 (9th Cir. Feb. 29, 2000) (holding that the Gender Motivated Violence Act (GMVA) applied to targeting of a transgender person).

[DEFENDANTS' ACTIONS CONSTITUTE VIOLENCE]

## West Virginia Southern District Court:

Hersom et al v. Crouch et al, 2:21-cv-00450 (2021)

## Constitutional & Other Legal Provisions:

U.S. Const. Amendments I, V, VIII, IX, XIV, Right to Informational Privacy, Due Process

Americans With Disabilities Act (ADA)

Civil Rights Act of 1964

Matthew Shepard and James Byrd, Jr. Hate Crimes Prevention Act

1976 Civil Rights Attorney's Fees Awards Act, 42 U.S.C.A. §1988

Title 18, U.S.C., Section 245 – Federally-Protected Activities

Title 18, U.S.C. 242 – Deprivation of Rights Under Color of Law

Title 18 U.S.C., Section 241 – Conspiracy Against Rights

California Gender Recognition Act

New York Gender Recognition Act

## CONSTITITUIONAL AND STATUTORY PROVISIONS:

**Supremacy Clause of the United States Constitution:**

**The Supremacy Clause of the Constitution of the United States establishes that the Constitution, federal laws made pursuant to it, and treaties made under its authority, constitute the "supreme Law of the Land", and thus take priority over any conflicting state laws.**

**U.S. Const. Amend. I**: Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances.

**U.S. Const. Amend. V**: No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, *nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.*

**U.S. Const. Amend. VIII**: Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

**U.S. Const. Amend. IX**: The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.

**U.S. Const. Amend. XIV**: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Absolutely no State interest justifies these violations. As to all of Plaintiff's claims, no material fact is in dispute. Plaintiff has adequately addressed all of Defendants' procedural contentions as to Plaintiff's right to bring this suit forward in Plaintiff's Response to Defendants' Objections to Injunctive Relief & Motion to Dismiss. Plaintiff is entitled to judgment as a matter of law, and a Brief in Support is attached to this Motion.

**RESPECTFULLY SUBMITTED this 19th day of January, 2022.**

s/Dr. Tinsley Ariana Taylor Makayla Saramosing
Pro Se
21985 Homesteaders Road
Deer Creek, Oklahoma
73012
405-593-3515 – Telephone
Email: MakaylaSaramosing@Gmail.com

## CERTIFICATE OF SERVICE

I certify that on January 19, 2022, I filed the foregoing electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Dr. Tinsley Ariana Taylor Makayla Saramosing
Pro Se
21985 Homesteaders Road
Deer Creek, Oklahoma
73012
405-593-3515 – Telephone
Email: MakaylaSaramosing@Gmail.com