# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

DR. TINSLEY ARIANA TAYLOR )
MAKAYLA SARAMOSING, )
                            )
            Plaintiff, )
vs.                           )    CASE NO. CIV-21-1152
                            )
KEVIN CORBETT, as Cabinet Secretary )
of the Oklahoma State Dept. of Health, )
KEITH REED, in his capacity as Interim )
Comm. of the Okla. Dept. of Health, )
KELLY BAKER "BAKER", Deputy of )
Vital Records, Okla. State Health Dept., and )
TIM TIPTON, in his capacity as Comm. of )
Public Safety of the Okla. Dept. Of Public )
Safety, )
            Defendants. )

## DEFENDANTS MOTION TO STAY RESPONSE TIME PENDING
## THIS COURT'S RULING ON DEFENDANTS' MOTION TO DISMISS

COMES NOW, the State of Oklahoma Defendants, Kevin Corbett, Keith Reed, Kelly Baker, and Tim Tipton to file this motion to stay or hold in abeyance any and all responses to Plaintiff's continued motions pending this Court's ruling on Defendants' Motion to Dismiss. Defendants Reply as follows:

### STATEMENT OF THE CASE

1. Plaintiff filed her Complaint in this case on December 7, 2021. [doc. 2].

2. Before service was perfected, she filed several motions including a Motion for Order on December 7, 2021 [doc. 3 and doc. 4]; a Motion for Preliminary Injunction on December 7, 2021 [doc. 5]; and four more Motions for Order [doc. 8, 9, 10, 11].

3. On January 6, 2022, Defendants filed a Motion to Dismiss all claims. [doc. 19].

4. Plaintiff filed a Response to that Motion to Dismiss on January 10, 2022. [doc. 20].

5. Defendants filed their Reply to the Motion to Dismiss on January 18. [doc. 20].

6. Before this Court had an opportunity to rule on Defendants' Motion to Dismiss and just one day after Defendants' Reply to the Motion to Dismiss was filed, Plaintiff filed a Motion for Summary Judgment. [doc. 22].

7. Plaintiff has continued to file motions before this Court has had an opportunity to rule on Defendants' Motion to Dismiss, including a Motion for Expedited Discovery and Entry of Scheduling Order filed January 27, 2022 [doc. 23]; and then emailed but not filed as of the date of this Motion, a Plaintiff's Motion to Quash Defendants' Response to Plaintiff's Response to Defendants' Initial Response & Motion to Dismiss [Ex. 1] and Plaintiff's Motion to Compel a Response from Defendants as to Specific Information [Ex. 2].

**BRIEF IN SUPPORT**

A motion to stay discovery pending determination of a dispositive motion is an appropriate exercise of this court's discretion. *Landis v. North American Co.*, 299 U.S. 248, 254–255 (1936). The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931). Courts have routinely recognized that discovery may be inappropriate where the court's jurisdiction is at issue. *Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (finding stay permissible pending ruling on a dispositive motion asserting a

jurisdictional issue); *Democratic Republic of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation).

Plaintiff is also seeking discovery from the Defendants when this Court has not yet ruled on Defendants' Motion to Dismiss based on "standing" under Article III, and jurisdiction. *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (internal quotation omitted). In addition, Rule 26(c) permit a court to "make any order which justice requires to protect a party ... from annoyance, embarrassment, oppression, or undue burden or expense." See Fed.R.Civ.P. 26(c)(2005).

Defendants' Motion to Dismiss challenges Plaintiff's standing to bring this lawsuit and the jurisdiction of this Court. [doc. 19]. **WHEREFORE**, Defendants would request an Order from this Court holding in abeyance any and all Defendants' responses to Plaintiff's Motions and filings pending this Court's ruling on their Motion to Dismiss and a Protective Order preventing any further filings by Plaintiff until this Court has had an opportunity to rule on Defendants' Motion to Dismiss.

Respectfully submitted,

 s/ Kevin L. McClure
**KEVIN L. MCCLURE, OBA # 12767**
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Section
313 N.E. 21st Street
Oklahoma City, Oklahoma 73105-3498
(405) 521-3921  Fax: (405) 521-4518
Kevin.McClure@oag.ok.gov
*Attorney for Defendants*

## CERTIFICATE OF MAILING

I hereby certify that on this 31st day of January 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and Notice of Electronic Filing to the following who is a registered participant and also sent this filing via USPS, certified:

Dr. Tinsley Saramosing
21985 Homesteaders RD
Deer Creek, OK 73012

                                               s/Kevin L. McClure
                                               **Kevin L. McClure**